UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| V5 SYSTEMS, INC., | Case No. 21-cv-03380-LB |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| SAEED FAR, | Re: ECF No. 50 |
| Defendant. | |

The plaintiff, a developer of A.I. security technology, sued its former Vice President of Hardware Engineering because he allegedly stole a chemical sensor and electronic design files and then destroyed many of the files.[1] The defendant propounded written discovery on the plaintiff in June 2022, and the plaintiff has not responded. The defendant therefore moved for an order compelling responses and holding that the plaintiffs waived its right to object to the discovery. The plaintiff has agreed to respond by August 31, 2022, but asserts a right to object.[2] The court held a hearing on August 18, 2022. The plaintiff must respond to the discovery by August 31, 2022, and may object.

---

[1] Compl. – ECF No. 1 at 2–4 (¶¶ 1–5). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Disc. Letter Br. – ECF No. 50; Deft.'s First Set of Interrogs. – ECF No. 50-1; Deft.'s Reqs. for Produc. of Docs. – ECF No. 50-2.

ORDER – No. 21-cv-03380-LB

The party to whom an interrogatory or request for production is directed must respond in writing within thirty days of being served. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Objections can be waived if not timely made. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). As to interrogatories, the right to object is waived "unless the court, for good cause, excuses the failure" to timely object. Fed. R. Civ. P. 33(b)(4). As to requests for production, although Rule 34 does not expressly provide for any relief from a waiver of objections as does Rule 33, courts have granted such relief upon a showing of good cause. *See Batts v. Cnty. of Santa Clara*, No. C08-00286 JW (HRL), 2010 WL 1027990, at *1 (N.D. Cal. Mar. 18, 2010) ("Batts had no reasonable basis to believe that she had a two-week extension of time in which to serve her responses. At the same time, however, this court finds that a waiver of all objections would be a draconian result that is not warranted under the circumstances presented here. Accordingly, plaintiff's objections will not be deemed waived."); *Kanawi v. Bechtel Corp.*, No. C 06-05566 CRB (EDL), 2008 WL 4642168, at *1 (N.D. Cal. Oct. 17, 2008); *Brown v. Stroud*, No. C-08-02348-VRW (DMR), 2010 WL 3339524, at *1–2 (N.D. Cal. Aug. 24, 2010). In exercising its discretion, a court should evaluate relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver. *In re Cathode Ray Tube Antitrust Litig.*, No. C-07-5944 JST, 2018 WL 4378727, at *2 (N.D. Cal. Apr. 25, 2018).

First, the plaintiff must respond to the discovery by August 31, 2022.

Second, the court will not deem objections by the plaintiff waived. The asserted cause for delay is that the plaintiff is in poor financial condition because of the defendant's conduct.[3] Objection waiver would be an overly harsh result at this stage, especially because the defendant has not identified any particular prejudice that has resulted from the delay. There is good cause to excuse the delay.

---

[3] Joint Disc. Letter Br. – ECF No. 50 at 3.

That said, a plaintiff that does not prosecute its case risks sanctions, including monetary sanctions and, ultimately, terminating sanctions in the form of dismissal of the case. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The plaintiff must participate in discovery.

This resolves ECF No. 50.

**IT IS SO ORDERED.**

Dated: August 22, 2022

LAUREL BEELER
United States Magistrate Judge